# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMRO BADRAN, | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO. 3:14-1465 |
| WARDEN JUAN BALTAZAR | : | (JUDGE MANNION) |
| Respondent | : | |

## **MEMORANDUM**

Amro Badran, previously an inmate confined in the Federal Prison Camp in Lewisburg, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Badran claims that his due process rights were violated during the course of a prison disciplinary hearing held on September 5, 2013, where he was found guilty of the prohibited act of refusing to provide a urine sample. Id. Specifically, he argues that: (1) his staff representative was ineffective, (2) he was not permitted to present witnesses or documentary evidence, (3) documentary evidence was improperly amended, (4) his defense was improperly disregarded, and (5) the reporting officer violated federal regulations. Id. Badran requests that his incident report be expunged from his record, and his good credit time be reinstated. Id. For the reasons set forth below, the petition will be dismissed as moot.

**Background**

On August 15, 2013, Badran was served with Incident Report No. 24080882 charging him with failure to provide a urine sample, a Code 101 violation. (Doc. 7, Ex. 1, Att. C). On August 16, 2013, the Unit Discipline Committee forwarded the matter to the Discipline Hearing Officer ("DHO"). Id. After conducting a hearing on August 29, 2013, the DHO reopened proceedings and held a rehearing on September 5, 2013. Id. On September 25, 2013, the DHO issued a decision finding that Badran had committed the prohibited act. This decision was delivered to Badran on October 14, 2013. Id.

On November 12, 2013 the Regional Office received Badran's initial appeal. (Doc. 2). The appeal to the Regional Office was dismissed as untimely on November 19, 2013. Id. Thereafter, Badran filed eight further appeals to the Regional Office, accompanied by staff verification explaining why the appeals were filed untimely. (Doc. 7, Ex. 1, Att. D). Each appeal was dismissed as untimely.[1] Id. On March 11, 2014, the General Counsel received Badran's

---

[1] Despite Badran clearly stating in his initial appeal that he was appealing the DHO's September 25, 2013 decision, incident report 2480882, the Regional Office attributed the appeal to incident report 2465082. (Doc. 1). Thereafter, every subsequent appeal was similarly attributed to incident report 2465082. (Doc. 7, Ex. 1, Att. D). Consequently, the Regional Office continued to erroneously dismiss Badran's appeals as untimely. Id. As a result, Badran's

appeal, and on April 11, 2014, rejected his appeal for the same reasons provided by the Regional Office. Id. On July 29, 2014, Badran filed a petition for writ of habeas corpus before this Court. (Doc. 1). On September 2, 2014, Respondent filed his response, and on September 24, 2014, Badran filed a reply. (Docs. 7, 9). On October 17, 2014, Badran was released from custody.

**Discussion**

Article III of the United States Constitution limits federal courts to the adjudication of only ongoing cases and controversies. U.S. Const. art. III, § 2, cl. 1. If at any time the petitioner does not have a "personal stake in the outcome" of the suit, "the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). "Once the convict's sentence has expired, some concrete and continuing injury other than the new-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Consequently, a petition under 28 U.S.C. §2241 challenging the loss of good time credits becomes "moot upon [petitioner's] release from imprisonment unless

---

failure to exhaust administrative remedies is excusable because further appeal would have been futile. See, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

he [or she] can demonstrate some 'collateral consequence' that persists beyond the sentence's expiration and is likely to be redressed by a favorable judicial decision." Scott v. Schuykill FCI, 298 F.App'x 202, 204 (3d Cir. 2008) (citing Spencer, 523 U.S. at 7)).

In Badran's memorandum of law in support of his petition for writ of habeas corpus, he stated that his sentence was due to end on October 18, 2014, at which time his supervised release would begin. (Doc. 2). A search on the Federal Bureau of Prisons inmate locator confirms that petitioner Amro Badran, registration number 63991-050, was released from custody on October 17, 2014. Therefore, unless some collateral consequence exists, his petition is now moot. Scott, 298 F.App'x at 204.

Here, no collateral consequences exist as a result of the prison disciplinary hearing. The only possible collateral consequence noted by Badran is the possibility of drug testing. (Doc. 2). Specifically, he stated that "Mr. Badran also expects that, although his sentencing judge in the District Of New Jersey (where he will be serving his term of Supervised Release) sa [sic] fit to waive the otherwise mandatory drug testing, he would now be subject to such testing." Id. Such speculative concern is not sufficient to create a collateral consequence sufficient to provide jurisdiction over this petition, particularly where Badran's

violation related not to a drug charge, but to failure to provide a urine sample. See, Wilcox v. Aleman, 43 F.App'x 210, 212 (10th Cir. 2002) ("We conclude that the remote possibility of a future drug test requirement is insufficiently concrete to supply the necessary collateral consequence required").

As Badran has completed his sentence and is on supervised release, this Court can offer him no relief. Scott, 298 F. App'x at 204. Thus, the petition for writ of habeas corpus is moot. Id.

**Conclusion**

A review of the record reveals that the Badran's petition for writ of habeas corpus is moot. Consequently, the petition will be dismissed.

An appropriate Order will be entered.

                                                 s/ *Malachy E. Mannion*
                                                 **MALACHY E. MANNION**
                                                 **United States District Judge**

Dated: December 23, 2014
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1465-01.wpd